# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| JBJ Construction, LLC, | ) Case No. 13-72355-BGC-7 |
| | ) |
|     Debtor. | ) |
| | |
| Robert L Shields, Trustee, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) A.P. No.: 14-70007 |
| | ) |
| James N. Carroll and | ) |
| Betty L. Carroll, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This matter came before the Court on a <u>Motion for Temporary Restraining Order</u> filed on May 2, 2014, by Robert L. Shields, the Trustee. Docket No. 2. An emergency hearing was held at 1:30 p.m. on May 5, 2014. Appearing were Dennis Schilling, the attorney for the Trustee, and Joseph Bulgarella for the Bankruptcy Administrator. The defendants nor anyone on their behalf appeared.[1]

### I. Summary

The Chapter 7 Trustee seeks to restrain the defendants from using any funds he contends they transferred from the debtor. Based on the pleadings, the records in this case and proceeding, and the evidence presented at the hearing, the Court finds that a temporary restraining order shall be issued against the defendants.

---

[1] The debtor is not a defendant in this adversary proceeding, and it is the Court's understanding that counsel for the debtor does not represent the defendants in this adversary proceeding.

## II. Applicable Law

### A. Rule 65

This matter is governed by Rule 65 of the Federal Rules of Civil Procedure. That rule is applicable to this matter through Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 7065 reads, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Consequently, no security from the debtor is necessary.[2]

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[3]

### B. Notice

For purposes of Rule 65 of the Federal Rules of Civil Procedure, the Court finds that sufficient notice and an opportunity to respond and defend were provided to the

---

[2]Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a Trustee without security.

[3]The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

defendants on May 2, 2014.  Therefore the Order entered contemporaneously with this Memorandum Opinion is issued **WITH NOTICE**.  On representation of the Trustee's counsel, and according to the Certificate of Service he filed with the Court on May 2, 2014, Docket No. 3, he served by email:  the defendants James N. Carroll and Betty L. Carroll; Marshall Entelisano, the attorney for the debtor; and Edward Freeman, the attorney for First Financial Bank, on May 2, 2014.  He represented that he obtained the email addresses he used for the defendants from debtor's counsel.

### III.  Findings of Fact

The debtors filed their pending bankruptcy case on November 22, 2013.  The Trustee filed this complaint on May 2, 2014, at 11:25 a.m.  He filed the pending motion at 12:44 p.m.  In his complaint the Trustee asks the Court to pierce the corporate veil of the debtor, hold the defendants liable for the debtor's debts and impose a constructive trust on the defendants' assets to satisfy the debtor's debts.

Based on the pleadings, the records in this case and proceeding, and the evidence presented at the hearing, the Court finds the following facts.

All of the evidence presented supports the trustee's motion. No evidence was presented which contradicted that evidence. Based on the Trustee's evidence, the Court finds that as principals, managers, or members of the debtor, one or both of the defendants transferred assets from the debtor and used, and are still using, those assets for their personal benefits.  Specifically the Court finds that:

1. Prepetition, by using assets of the debtor, the defendants satisfied the mortgage on certain real estate owned by the debtor, then postpetition, transferred that real estate to one or both of them;

2. The defendants failed to separate their personal financial affairs from the debtor including the failure to maintain separate bank accounts suggesting that the corporation did not exist as a separate legal entity but as an alter ego of the defendants;

3. Postpetition, the defendants closed more than one of the debtor's bank accounts and transferred the funds from those accounts to themselves;

4. The debtor, through the defendants, may have filed a false financial statement with this Court;

5. The defendants sold equipment and precious metal belonging to the debtor and retained the funds derived from those sales; and

3

Case 14-70007-JHH    Doc 7    Filed 05/05/14    Entered 05/05/14 16:52:22    Desc Main
                            Document      Page 3 of 5

6. While the debtor reported substantial rental income for the three years prior to filing the pending case, none has been reported since the filing of the case. There has not been any explanation of why that income no longer exists, or if it does exist, what became of the income.

## IV. Conclusions of Law

The Court concludes, as guided by the opinion in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), that:

1. There is a substantial likelihood of the debtor's success on the merits. The evidence supports the Trustee's contentions that the defendants transferred assets from the debtor for their personal use and may have used the corporation as their alter ego;

2. If the defendants are allowed to keep and use the assets they transferred from the debtor, both the debtor and its creditors would suffer irreparable harm;

3. The threatened injury to the debtor and its creditors is greater than any damage the proposed injunction may cause the defendants; and

4. The issuance of the injunction will not disserve the public interest.

In addition, notwithstanding the above, pursuant to Rule 65(d), the Court concludes:

1. The reasons why this temporary restraining order is issued are to prevent the defendants from further transferring assets of the debtor for their own use and to prevent them from using assets which they already transferred to themselves to the detriment of the creditors of the debtor.

2. The specific terms of this temporary restraining order are that the defendants are prohibited from using, spending, or transferring any assets under their control in whatever form in excess of $500 each, without written order from this Court.

3. The acts restrained of are the use, including spending for any purpose, any funds the defendants have under their control in excess of $500 each, without written order from this Court. The evidence proved that one or both of the defendants transferred substantial funds from the debtor for their personal use. Now that the defendants have those funds, they must be restrained from using them. This temporary restraining order is the mechanism for assuring they do not.

4

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that a Temporary Restraining Order shall be entered against the defendants.

    Dated: May 5, 2014                /s/Benjamin Cohen
                                                      Benjamin Cohen
                                                      United States Bankruptcy Judge

BC:pb
cc:    Robert L. Shields, Trustee
       Dennis Schilling, Attorney for the Trustee
       Marshall Entelisano, Attorney for Debtor
       James N. Carroll, Defendant
       Betty L. Carroll, Defendant

5

Case 14-70007-JHH   Doc 7   Filed 05/05/14   Entered 05/05/14 16:52:22   Desc Main
Document    Page 5 of 5