IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| JBJ Construction, LLC, ) | Case No. 13-72355-BGC-7 |
| ) | |
| Debtor. ) | |
| | |
| Robert L Shields, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | A.P. No.: 14-70007 |
| ) | |
| James N. Carroll and ) | |
| Betty L. Carroll, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
## and
## NOTICE OF STATUS CONFERENCE

This matter came before the Court on a <u>Second Motion for Ex-Parte Temporary Restraining Order</u> filed on June 19, 2014, by Robert L. Shields, the Trustee at 1:14 p.m. Docket No. 22. An emergency hearing was held at 2:15 p.m. on June 19, 2014. Appearing were Dennis Schilling, the attorney for the Trustee, and Joseph Bulgarella for the Bankruptcy Administrator. The defendants nor anyone on their behalf appeared.[1]

### I. Summary

The Chapter 7 Trustee seeks to restrain the defendants from transferring any estate property from JBJ Construction, LLC, the debtor, to the defendants or any other individual or entity. Based on the pleadings, the records in this case and the two related adversary proceedings, and the evidence presented at the hearing, the Court finds that a temporary restraining order shall be issued against the defendants preventing them, as individuals or as members of, or officers of, the debtor corporation JBJ Construction, LLC, from transferring any property of JBJ Construction, LLC.

---

[1]The debtor is not a defendant in this adversary proceeding, and pursuant to this Court's order, the debtor is not represented by counsel.

## II. Applicable Law

### A. Rule 65

This matter is governed by Rule 65 of the Federal Rules of Civil Procedure. That rule is applicable to this matter through Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 7065 reads, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Consequently, no security from the debtor is necessary.[2]

In pertinent part, Rule 65 states:

(b) Temporary Restraining Order.

    (1)    Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

        (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

        (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

    (2)    Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Writing for the Court of Appeals for the Eleventh Circuit in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either

---

[2]Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a Trustee without security.

2

a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
>
> (2) that irreparable injury will be suffered unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
>
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[3]

### III. Findings of Fact

For purposes of Rule 65(b)(1) and (2), the Court finds that this temporary restraining order is issued **WITHOUT NOTICE**; however, the Court finds that the facts prove that the requirements of Rule 65(b)(1) were met allowing the TRO to be issued without notice.

First, the specific facts in the Affidavit filed by the plaintiff's attorney, Docket No. 23, "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition..." to the request for the TRO. That affidavit and the accompanying complaint and attachments demonstrate that one or both of the defendants did not list all properties of the debtor in the debtor's bankruptcy petition and that the one or both are deriving income from those properties, or have, or intend to transfer those properties out of the debtor's estate. If such property continues to be transferred from the estate, creditors will be irreparably harmed because of the significant expense the estate will incur in recovering those assets.

Second, the plaintiff's attorney certified in writing why he had not attempted to give notice to the defendants. This Court agrees. Based on one or both of the defendants' actions in the past, as stated in the previously entered TRO, and the

---

[3] The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

records in this case and associated proceedings, the Court finds that the defendants' have disregarded: (1) the bankruptcy laws prohibiting them from transferring property; (2) this Court's authority to require the defendants to abide by those laws; and (3) the first TRO entered by this Court against the defendants. As such, the Court finds that the plaintiff's attorney's explanation of why notice should not be required is sufficient.

Because this TRO is issued without notice, the Court has explained the injury above and why it is irreparable and why the order was issued without notice.

### IV. Conclusions of Law

In regard to issuance of the TRO, the Court concludes, as guided by the opinion in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), that:

1. There is a substantial likelihood of the debtor's success on the merits. The evidence supports the Trustee's contentions that the defendants may transfer assets from the debtor for their personal use;

2. If the defendants are allowed to use the assets transferred from the debtor, both the debtor and its creditors would suffer irreparable harm;

3. The threatened injury to the debtor and its creditors is greater than any damage the proposed injunction may cause the defendants; and

4. The issuance of the injunction will not disserve the public interest.

In addition, notwithstanding the above, pursuant to Rule 65(d), the Court concludes :

1. The reason why this temporary restraining order is issued is to prevent the defendants from further transferring assets of the debtor for their own use to the detriment of the creditors of the debtor.

2. The specific terms of this temporary restraining order are that the defendants, as individuals or as members of, or officers of, the debtor corporation JBJ Construction, LLC, are prohibited from transferring any property of JBJ Construction, LLC. to themselves or any other individuals or entities.

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that a Temporary Restraining Order shall be entered against the defendants.

Because this TRO is issued without notice, the Court finds that it shall remain in effect for 14 days, unless before that time expires, the Court finds for good cause, that the time should be extended. As there are matters set in this case on July 1 and 10, before the 14-day period expires, the Court will decide whether to extend that term to allow all matters to be heard on one of those days.

Within the spirit of Rule 65 encouraging prompt adjudication of matters of this sort, a status conference on the complaint and any related motions will be held on **July 10, 2014 at 1:30 p.m. in Room 2600**, 2005 University Boulevard, Tuscaloosa, Alabama. A trial date will be selected at that time for the hearing on the preliminary injunction.[4]

Entered on June 19, 2014 in the hour of 4:00 p.m.

/s/Benjamin Cohen
Benjamin Cohen
United States Bankruptcy Judge

BC:pb
cc:  Robert L. Shields, Trustee
     Dennis Schilling, Attorney for the Trustee
     James N. Carroll, Defendant, by email and regular mail
     Betty L. Carroll, Defendant, by email and regular mail

---

[4] Rule 65 (b)(3) reads:

Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

Id.

5